IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ContraVest Inc., ContraVest Construction Company and Planation Point Horizontal Property Regime Owners Association, Inc., as Assignee,<br><br>           Plaintiff,<br><br>v.<br><br>Mt. Hawley Insurance Company,<br><br>           Defendant. | Civil Action No. 9:15-cv-304-SB<br><br>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT MT. HAWLEY INSURANCE COMPANY** |

TO: DEFENDANT, MT. HAWLEY INSURANCE COMPANY, AND THEIR ATTORNEYS ANDREW K. EPTING, JR., ESQ. and MICHELLE N. ENDEMANN, ESQ.:

PURSUANT TO RULE 34 of the Federal Rules of Civil Procedure, the Plaintiffs, ContraVest Inc., ContraVest Construction Company and Plantation Point Horizontal Property Regime Owners Association, Inc., as Assignee. ("Plaintiffs"), by and through its undersigned attorneys, hereby requests that the Defendant, Mt. Hawley Insurance Company, ("Mt. Hawley"), produce the documents listed below for inspection and copying at the offices of Alford & Thoreson, LLC within thirty (30) days of service hereof.

## INSTRUCTIONS

For the purposes of these Requests, the following instructions apply:

1. Where any Request for information or document(s) is not answered because of any objection or any claim of privilege, identify the Request or portion thereof and the nature of the objection asserted, and provide the following information:

    (a)    The type of document;

    (b)    Subject matter of the document;

    (c)    Date of the document;

    (d)    Such other information as is sufficient to identify the document, including the author(s) of the document, and all addresses and recipients;

    (e)    The current location and custodian of the document;

    (f)    Each and every basis upon which privilege is claimed or upon which the document is otherwise withheld; and

    (g)    Such other information that will allow the parties and the Court to determine whether the objection or privilege is applicable.

    2.    Where any responsive documents are electronically stored, you shall confer with Plaintiff prior to the 30th day after service of these Requests to determine the form or forms in which the electronically stored information is to be produced.

    3.    These Requests are continuing, and if at any time after you have answered these Requests you obtain or become aware of additional or different documents, then you are required to furnish such additional or different documents to counsel for Plaintiff.

## **DEFINITIONS**

For the purposes of these Requests, the following definitions apply:

    1.    The term "all" includes the word "any," and the term "any" includes the word "all." The term "each" includes the word "every," and the term "every" includes the word "each."

    2.    The terms "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Requests any information which might otherwise be construed to be outside their scope.

    3.    "Claim" means any notice(s), request(s), claim(s), demand(s), correspondence, or

communication(s) sent or made by or on behalf of Plaintiffs for defense or indemnity of the claims asserted in *Plantation Point Horizontal Property Regime Owners Association, Inc. et al. v. Ashley Plantation Limited Partnership, et al.,* CA. No. 2011-CP-07-3885 (Beaufort County, South Carolina, Court of Common Pleas, Fourteenth Judicial Circuit).

    4.    The term "communication" means every manner or means of disclosure, transfer, transmittal, or exchange of information, whether written or oral, face-to-face, or by telephone, mail, e-mail, the internet, personal delivery, or otherwise.

    5.    "Coverage Position" means any substantive or procedural position(s) you have asserted or intend to assert in this action with respect to coverage for the Claim.

    6.    The term "document(s)" is defined in the broadest sense permitted under Federal law. Additionally, it shall mean every writing or record of every type and description and every data compilation from which information can be obtained that is in your possession, control, or custody, including, without limitation, the following items, whether printed, electronically or magnetically stored or recorded, filmed, reproduced by process, written or produced by hand, and whether an original, master or copy, namely: notes; internal guidelines; correspondence; agreements; communications, including intra-company communications and correspondence; cablegrams; radiograms and telegrams; memoranda; computer discs and printouts; summaries; minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; books; manuals; publications; diaries; charts; graphs; drawings; financial records and/or summaries of financial records of any kind; photographs; computer records; reports and/or summaries of investigations and/or surveys; opinions and reports of consultants; reports and summaries of negotiations; drafts of originals or preliminary notes on, and marginal

comments appearing on, any documents; other reports and records; any other paper or physical thing containing writing; every copy of such writing or record where the original is not in your possession, custody, or control; every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original; and any such electronic document. If multiple copies of a document exist, each copy must be identified, produced, or identified as a privileged document if a privilege applies. Also to be identified or produced are all documents clipped, stapled, or otherwise attached to all described and/or requested documents. The term "document" specifically includes material communicated electronically by e-mail or over the Internet, regardless of whether it is printed onto paper, disk, or other medium.

7.     "First Interrogatories" means Plaintiffs ContraVest, Inc., ContraVest Construction Company and Planation Point Horizontal Property Regime Owners Association, Inc.'s First Interrogatories to Defendant served contemporaneously with these Requests.

8.     "Policies" means the commercial general liability policies issued by Defendant, renewed on an annual basis from November 1, 2004, through November 1, 2011, under policies GLP 0001205 00, GLP 0001205 01, GLP 0001205 02, GLP 0001205 04, GLP 0001205 05, GLP 0001205 06 and GLP 0001205 07.

9.     The terms "related to" or "relating to" shall include pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, evidencing, compromising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, construing, and including in any way.

10.     The terms "you" or "yours" means Mt. Hawley Insurance Company, their owners,

managers, partners, directors, officers, affiliates, subsidiaries, agents, employees, claim representatives, investigators, attorneys, and any other persons, representatives, or entities who are in possession of or may have obtained information for or on their behalf or who are acting or purporting to act on their behalf.

## **REQUESTS FOR PRODUCTION**

1. All documents that you or anyone else referred to or relied upon in responding to the First Interrogatories.

2. All documents requested or required to be identified in your responses to the First Interrogatories.

3. All documents relating to any communication between you and Plaintiffs (or anyone acting on Plaintiffs' behalf) with respect to the Policies or the Claim.

4. All documents relating to any communication between you and any insurance agent or broker with respect to the Policy or the Claim.

5. All documents relating to any communication between you and any adjuster, claims handler, consultant, or other investigator working on or otherwise providing services with respect to the Claim, and all documents in the possession of any adjuster, claims handler, consultant, or other investigator related to the Claim.

6. All documents relating to any communication between you and any reinsurer relating to the Claim.

7. All documents relating to any communication between you and any other person or entity with respect to the Policy or the Claim.

8. All electronic or hard copy files, including the complete claim(s) file(s), containing documents relating to the Claim.

5

9. The complete underwriting file(s) for the Policies as well as the underwriting files for any other insurance policy issued by you insuring ContraVest, Inc. and ContraVest Construction Company.

10. All documents relating to the solicitation, negotiation, issuance, delivery and/or placement process of the Policies, including, but not limited to, documents relating to any communication between you and any insurance agent or broker or any party affiliated or associated with the process.

11. All claims manuals in effect at the time of the investigation, adjusting and/or handling of the Claim for the types of coverage written.

12. All underwriting manuals in effect at the time of writing, issuing, and/or renewing the Policies for the types of coverage written.

13. Certified copies of the Policies, including all endorsements or riders.

14. All documents relating to the claims investigation, adjustment, handling and/or administration process conducted by you or on your behalf with respect to the Claim.

15. If not included among the materials produced in response to the foregoing Requests, all documents relating to your Coverage Position.

16. All documents reflecting the interpretation or application of the terms or provisions you referred to or relied upon in the Policies in denying the Claim.

17. All documents, including but not limited to any manuals, guidelines or memoranda relating to any guidance or instruction to your employees, agents or claims handlers regarding the meaning of the terms or provisions you referred to or relied upon in the Policies in denying the Claim.

18. All documents concerning any reserves relating to the Claim.

19. All documents not otherwise requested above relating to the Claim.

20. All affidavits or draft affidavits prepared for this litigation.

21. The entire file of any expert you may call to testify at the trial or any hearing in this matter, including but not limited to all documents, articles, treatises, reports, emails, memos, or letters reviewed, considered, relied upon, or considered and rejected by the expert in reaching any opinion or conclusion relating to his or her work on this matter.

22. All documents you intend to introduce at the trial or any hearing in this matter.

23. All policies referred to in your Answer to Counterclaim, including but not limited to the policies for Reliance Insurance Company, U.S. Fire Insurance Company and Crum & Foster, Great American Insurance Company, AIG Specialty Insurance Company f/k/a Chartis and f/k/a American International Specialty ("AIG"), Clarendon Insurance Company, Arch Insurance Company and Everest Insurance Company.

By: /s/ Gregory M. Alford
Gregory M. Alford (06327)
Alford & Thoreson, LLC
18 Executive Park Road, Building 1 (29928)
Post Office Box 8008
Hilton Head Island, SC 29938
Phone: (843) 842-5500
Email: gregg@alfordlawsc.com
Attorney for Plaintiffs

Dated: May 19, 2015