IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| CONTRAVEST INC., CONTRAVEST CONSTRUCTION COMPANY, and PLANTATION POINT HORIZONTAL PROPERTY REGIME OWNERS ASSOCIATION, INC., *as assignee*,<br><br>Plaintiffs,<br><br>vs.<br><br>MT. HAWLEY INSURANCE COMPANY,<br><br>Defendant. | No. 9:15-cv-00304-DCN<br><br>**ORDER** |

The following matter is before the court on defendant Mt. Hawley Insurance Company's ("Mt. Hawley") motion to stay, ECF No. 163. For the reasons set forth below, the court denies the motion without prejudice and orders that Mt. Hawley produce all documents except those claiming attorney-client privilege.

## I. BACKGROUND

The facts of this insurance coverage dispute are stated in the court's March 31, 2017 order, ECF No. 143; therefore, the court dispenses with a recitation of the facts for purposes of this order. The following facts are relevant here. On April 6, 2018, Mt. Hawley filed the instant motion to stay the case pending resolution of the court's in camera review, Mt. Hawley's mandamus petition, and Mt. Hawley's certification motion. ECF No. 163. Mt. Hawley also submitted to the court a privilege log and various documents for in camera review. ECF No. 163-1.

1

On April 11, 2018, Mt. Hawley requested that the Fourth Circuit issue a writ of mandamus directing this court to vacate its March 31, 2017 order finding the waiver of attorney-client privilege in bad faith insurance claims. Petition for Writ of Mandamus at 2, In re Mt. Hawley Insurance Company, No. 18-401 (4th Cir. April 11, 2018), ECF No. 3. Mt. Hawley also filed a motion to certify the question of attorney-client privilege wavier in bad faith insurance claims to the Supreme Court of South Carolina. Motion for Certification to the Supreme Court of South Carolina, In re Mt. Hawley Insurance Company, No. 18-401 (4th Cir. April 11, 2018), ECF No. 6. On May 29, 2018, the Fourth Circuit stayed any district court discovery implicating the attorney-client privilege issue. Order, In re: Mt. Hawley Insurance Company, No. 18-401 (4th Cir. May 29, 2018), ECF No. 23. Then on June 19, 2018, the Fourth Circuit certified the attorney-client privilege waiver question to the Supreme Court of South Carolina. Order, In re: Mt. Hawley Insurance Company, No. 18-401 (4th Cir. May 29, 2018), ECF No. 27. The Supreme Court of South Carolina has not yet issued a ruling on the question.

ContraVest, Inc., ContraVest Construction Company, and Plantation Point Horizontal Property Regime Owners Association, Inc. (collectively, "plaintiffs") responded to Mt. Hawley's motion to stay on April 19, 2018. ECF No. 165. The court held a status conference on July 11, 2018, at which the court directed the parties to submit a letter identifying which, if any, documents unrelated to the certified attorney-client privilege question needed to be reviewed in camera by the court. ECF No. 170. On July 26, 2018, the parties submitted a letter ("Letter") referencing and attaching the privilege log previously submitted to the court with the documents for in camera review. The Letter and privilege log discuss four main categories of documents at issue: (1)

attorney-client privilege documents, tabs 1–41; (2) work-product documents, tabs 42–51; (3) reinsurance documents, tabs 52–100; and (4) reserves documents, tabs 101–110.

In the Letter, the parties agree that the in camera review of attorney-client documents, tabs 1–41 of the privilege log, is held in abeyance until the Fourth Circuit's mandamus decision. The parties also note that Mt. Hawley is investigating a privilege claim over documents in tabs 31 and 32 of the privilege log. However, the parties disagree on three issues. The first issue is whether work-product documents, tabs 42–51, need to be reviewed in camera. The second issue is whether the court has ruled on Mt. Hawley's request, raised in its motion to reconsider, for in camera review of the reinsurance and reserves documents, tabs 52–110. The third issue is whether Mt. Hawley may object to producing documents in tabs 44 and 47–49 on the basis that they reference mediation.

## II.   DISCUSSION

### A.  In Camera Review

In its motion to stay, Mt. Hawley first requests that the production of all documents subject to the court's orders be suspended until the court's in camera review is complete. ECF No. 163 at 2. The Letter indicates disagreement over which categories of documents are currently subject to an in camera review. The court addresses each category in turn.

#### 1.  Work-Product Documents

The first category of documents over which the parties disagree is the set of work-product documents, which the Letter identifies as tabs 42–51 on the privilege log. Plaintiffs take the position that the court has already denied in camera review of these

documents. Letter at 2. Mt. Hawley argues that the work-product documents need to be reviewed in camera and points to footnote 13 in the court's order adopting the magistrate judge's report and recommendation ("R&R") as support for its position. Id. (citing ECF No. 142 at 22 n.13). The footnote states:

> Because the at-issue waiver is so related to the relevance of communications at issue, it seems appropriate to take the rather unusual step of conducting an in camera review for relevance, despite having already determined that the privilege has been waived. In ordering such a review, the court is mindful of the need to protect the privilege against undue incursion under the City of Myrtle Beach approach. It is also notable that some of the documents in the claim files already need to be reviewed to determine the applicability of the work-product doctrine. R&R at 13.

ECF No. 142 at 22 n.13.

Mt. Hawley's reliance of footnote 13 of the court's order is misplaced. Mt. Hawley claims that tabs 42–51 are work product that need to be reviewed in camera. Letter at 2. However, the magistrate judge explicitly recommended that these exact documents are not protected work product with no mention of a need for in camera review. ECF No. 137 at 12.[1] The court adopted this recommendation while noting that for these documents, "[d]efendant's belated request for an in camera review [in its objections to the R&R] is unavailing." ECF No. 143 at 26–27.

The magistrate judge does recommend an in camera review of certain documents, ECF No. 137 at 13, which is referenced in footnote 13 of the court's order, ECF No. 143 at 22. However this recommendation occurs after the magistrate judge had already found that the documents in tabs 42–51 are not work product. ECF No. 137 at 13. As such, the

---

[1] The R&R refers to these documents as entries 56 through 66 in the July 6, 2015 privilege log. ECF No. 137 at 12. However, a comparison of the Bates numbers between these entries and tabs 42–51 of the privilege log attached to the Letter show that they are the same documents.

recommendation for an in camera review on which Mt. Hawley relies clearly does not apply to the documents at issue here. Therefore, the court declines to conduct an in camera review of the documents identified in tabs 42–51 and orders their production.

### 2. Reinsurance and Reserves Documents

The second disagreement between the parties surrounds the reinsurance and reserves documents. In Mt. Hawley's motion to reconsider, Mt. Hawley requested that the court conduct an in camera review of the reinsurance and reserves documents to determine their relevance.[2] ECF No. 144 at 12–13; see also Letter at 1. The court denied Mt. Hawley's motion to reconsider without explicitly addressing the requested in camera review. ECF No. 162 at 6–7. Plaintiffs believe that in generally denying Mt. Hawley's motion to reconsider, the court denied Mt. Hawley's request for an in camera review of the reinsurance and reserves documents. Letter at 2. Mt. Hawley argues that because the court's order denying its motion to reconsider was silent on the issue of an in camera review of the reinsurance and reserves documents, the court has yet to rule on the issue and still needs to do so. Id. at 2–3.

In the R&R, the magistrate judge clearly recommended that both the reinsurance and reserves documents are relevant. ECF No. 137 at 8, 10. The court affirmed these recommendations. ECF No. 143 at 22–26. The court also specifically addressed Mt.

---

[2] The court notes that Mt. Hawley seems to believe these documents may also be attorney-client privileged, as it sought to certify a question to the Supreme Court of South Carolina on the existence and scope of attorney-client privilege with relation to reinsurance and reserves documents. ECF No. 144 at 15–16. However, the court declined to exercise its discretion to certify this question. ECF No. 162 at 7–8. Moreover, the Letter makes it clear that Mt. Hawley seeks an in camera review of these documents for relevance only. Letter at 1. Therefore, the court will not consider whether an in camera review is necessary to determine if the reinsurance and reserves documents are also privileged.

Hawley's request and the R&R's denial of an in camera review of these documents and explained why an in camera review was not warranted for these documents. Id. at 23–27. Then, in the order on Mt. Hawley's motion for reconsideration, the court notes that Mt. Hawley "seeks reconsideration as to the court's analysis of: . . . (3) the issues of reserves and reinsurance." ECF No. 162 at 5. The court goes on to explain why it denies the motion to reconsider in full. Id. at 6–7. While the order does not explicitly state that it denies Mt. Hawley's request for an in camera review of the reinsurance and reserves documents, the order denied Mt. Hawley's motion in full, which included the request for an in camera review. As such, this issue has been ruled on, and the court reiterates that it will not review the reinsurance and reserves documents for relevance. The court orders Mt. Hawley to produce the documents in tabs 52–110.

### 3. Mediation Objection

In Mt. Hawley's motion to stay, it notes that documents in tabs 44 and 47–49 reference mediation. ECF No. 163 at 2 n.1. Mt. Hawley asks for plaintiffs' consent to withhold the documents on the basis of a "mediation claim[] of privilege." Id. Then Mt. Hawley argues that if plaintiffs do not consent to the withholding and the court finds the documents to be relevant, the documents' use and dissemination should be restricted because the "privilege belongs to all parties to mediation and all such parties have not consented." Id. Plaintiffs contend that Mt. Hawley's objection to producing documents referencing mediation is not timely and has been waived. ECF No. 165 at 4. Mt. Hawley contends that it has not waived its objection regarding the documents referencing mediation. Letter at 3.

As an initial matter, the documents Mt. Hawley seeks to withhold on the basis of reference to mediation appear to be, based on the "subject column" of the privilege log, related to reinsurance. The magistrate judge recommended that reinsurance documents are relevant, ECF No. 137 at 5–8, and the court affirmed her recommendation, ECF No. 143 at 22–24. As explained above, the court finds these documents to be relevant.

Mt. Hawley provides no explanation of what it means by a "mediation claim[] of privilege." ECF No. 163 at 2. A federal court sitting in diversity jurisdiction must apply the privilege law of the state's highest court—here, the Supreme Court of South Carolina. Fed. R. Evid. 501; Private Mortg. Inv. Servs., Inc. v. Hotel & Club Assocs., Inc., 296 F.3d 308, 312 (4th Cir. 2002). Mt. Hawley cites to no South Carolina case law discussing a mediation privilege, and the court's own research did not reveal any case law on this issue. If Mt. Hawley means to reference attorney-client privilege, it does not appear that Mt. Hawley believes these documents to be attorney-client privileged as the privilege log does not identify them as such. ECF No. 163-1 at 8. If Mt. Hawley means to reference general confidentiality rules about mediation, those rules are not applicable to the current issue. This court's Local Rules do prohibit the introduction of "any . . . document . . . relating in any way to mediation" as evidence in any type of proceeding. Local Civ. Rule 16.08(c) (D.S.C.). However, producing a document during discovery is not the same as introducing a document in a proceeding. The court notes that because plaintiffs do not consent to the withholding of these documents and the documents are found to be relevant, Mt. Hawley's requested relief is the restricted use of the documents. The court trusts that plaintiffs will abide by the Local Rules and not introduce confidential mediation documents in any future proceedings.

Finally, Mt. Hawley has previously made arguments regarding these specific documents to both the magistrate judge and the court, and yet it is just now raising this mediation objection. Without needing to consider the timeliness of this objection, the court still admonishes Mt. Hawley for its late objection. The court orders that Mt. Hawley produce the documents in tabs 44 and 47–49.

**B. Motion to Stay**

In addition to requesting a stay of discovery, Mt. Hawley also seeks to stay the entire case pending resolution of its petition for mandamus in the Fourth Circuit. "A court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Doe v. Bayer Corp., 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In exercising its authority to grant a discretionary stay, the court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254, 255 (internal quotation omitted). Furthermore, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). When deciding on a motion to stay, a court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Nken v. Holder, 556 U.S. 418, 426 (2009).

Mt. Hawley's petition for mandamus only relates to the attorney-client privilege issue. Petition for Writ of Mandamus at 2, In re Mt. Hawley Insurance Company, No. 18-401 (4th Cir. April 11, 2018), ECF No. 3 ("Petitioner respectfully requests a writ of mandamus directing the District Court to vacate its Order of March 31, 2017, which found a waiver of the attorney-client privilege for certain claim file materials withheld by Petitioner."). The Fourth Circuit has already "stay[ed] any district court discovery that implicates the attorney-client issue pending further order of [the Fourth Circuit]." Order, In re Mt. Hawley Insurance Company, No. 18-1401 (4th Cir. May 29, 2018), ECF No. 23. However, Mt. Hawley seeks to stay the entire case pending the resolution of its mandamus petition. The court sees no reason to stay the entire case due to this discrete issue when there are other pending discovery issues unrelated to the attorney-client privilege issue. As such, the court denies the motion without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the court denies without prejudice Mt. Hawley's motion to stay. The court orders Mt. Hawley to produce all documents except those found in tabs 1–41 of the privilege log attached to the Letter. Once this discovery has been completed, Mt. Hawley may renew its motion to stay pending the resolution of its mandamus petition.

**AND IT IS SO ORDERED.**

                                            **DAVID C. NORTON**
                                            **UNITED STATES DISTRICT JUDGE**

**October 24, 2018**
**Charleston, South Carolina**